**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

------------------------------------------------------------X
OZCAN AKTAS,

        Plaintiff,                    **COMPLAINT**

  -against-

                                     **Jury Trial Demanded**

FIG AND LILY GARDEN, UGUR MAMAC
and RAMAZAN TAYLAN,

        Defendants.
------------------------------------------------------------X

      Plaintiff Ozcan Aktas ("Aktas" or "Plaintiff") alleges against Fig and Lily Garden ("Fig and Lily"), Ugur Mamac ("Mamac") and Ramazan Taylan ("Taylan") (collectively, "Defendants"), upon information and belief, as follows:

**NATURE OF THE CLAIMS**

1. Aktas was employed by the Defendants as a non-exempt employee from approximately October 2016 to November 13, 2019.  From October 2016 to December 31, 2018, Aktas worked as a cook at Chef's Gyro restaurant located at the Monmouth Mall – 180 NJ-35 Eatontown NJ 07724.  Aktas worked 6 days per week, 12 hours per day (from 9am to 9pm) – 72 hours per week.  Aktas was paid $1200.00 per week.  From January 1, 2018 to December 31, 2018, Aktas was illegally docked $400.00 per week and was only paid $800.00 per week.  Aktas is owed unpaid overtime and unpaid wages from his work at Chef's Gryo.

2. Following Chef's Gyro, the Defendants transferred Aktas to work at Fig and Lily Garden restaurant located at 2 Cattano Avenue, Morristown NJ 07960.  Prior to the restaurant opening from January 1, 2019 to June 20, 2019, Aktas worked in construction (not as a

cook) and was not compensated whatsoever, despite working seven days per week, 15 hours per day (from 8am to 11pm) – 105 hours per week.  From June 20, 2019 through August 2019, Aktas worked as a cook, seven days per week, 15 hours per day (from 8am to 11pm) – 105 hours per week.  From September 2019 to November 13, 2019, Aktas worked six days per week, 15 hours per day (from 8am to 11pm) – 90 hours per week.  Aktas was only paid $700.00 per week – he was supposed to be paid $1500.00 per week.  Aktas was docked $800.00 per week.

3. Additionally, Aktas was terminated on November 13, 2019, in retaliation for complaining about being owed wages and not paid properly.

4. Therefore, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) lost wages for retaliation, (4) liquidated damages and (5) attorneys' fees, interest, and costs.

5. Plaintiff further alleges that, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees, interest, and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Plaintiff and Defendants reside in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Ozcan Aktas ("Aktas" or "Plaintiff") was and is a resident of Newark, New Jersey.

10. Fig and Lily Garden ("Fig and Lily") was and is a domestic business corporation existing under the laws of the State of New Jersey.

11. Fig and Lily was and is a Mediterranean restaurant.

12. Fig and Lily was and is located at 2 Cattano Avenue, Morristown NJ 07960.

13. At all times relevant to this action, Fig and Lily has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

14. Defendant Ugur Mamac ("Mamac"), upon information and belief, was and is a resident of the State of New Jersey.

15. At all times relevant to this action, Mamac was and is an Owner of Fig and Lily.

16. Mamac exercised control over the employment terms and conditions of the Plaintiff. Mamac had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

17. At all times, Plaintiff could complain to Mamac directly regarding any of the terms of his employment.

18. At all times, Mamac had and currently has functional control over the business and financial operations of Fig and Lily.

19. Defendant Ramazan Taylan ("Taylan"), upon information and belief, was and is a resident

of the State of New Jersey.

20. At all times relevant to this action, Taylan was and is an Owner of Fig and Lily.

21. Taylan exercised control over the employment terms and conditions of the Plaintiff. Taylan had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

22. At all times, Plaintiff could complain to Taylan directly regarding any of the terms of his employment.

23. At all times, Taylan had and currently has functional control over the business and financial operations of Fig and Lily.

24. At all relevant times, Fig and Lily was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NJWL and the regulations thereunder.

25. Chef's Gyro restaurant ("Chef's Gyro") was located at 180-NJ 35, Eatontown NJ 07724.

26. Mamac was an Owner of Chef's Gyro.

27. Taylan was an Owner of Chef's Gyro.

## STATEMENT OF FACTS

28. Aktas worked at Chef's Gyro from approximately October 2016 to December 31, 2018.

29. Aktas worked at Chef's Gyro as a cook.

30. Aktas worked 6 days per week, 12 hours per day (from 9am to 9pm) – 72 hours per week at Chef's Gyro.

31. From October 2016 through 2017, Aktas was paid $1200.00 per week.

32. From January 1, 2018 to December 31, 2018, Aktas was docked $400.00 per week and was only paid $800.00 per week.

33. Although Aktas worked over forty hours per week, Defendants failed to pay Aktas at the required overtime rate.

34. On or about January 1, 2019, the Defendants transferred Aktas to work at Fig and Lily.

35. Aktas worked at Fig and Lily from January 1, 2019 to November 13, 2019.

36. Prior to the restaurant opening from January 1, 2019 to June 20, 2019, Aktas worked in construction (not as a cook).

37. Defendants informed Aktas that he would be paid $1500.00 per week.

38. However, Aktas was not compensated whatsoever from January 1, 2019 to June 20, 2019.

39. During this time frame, Aktas worked seven days per week, 15 hours per day (from 8am to 11pm) – 105 hours per week.

40. Defendants failed to pay Aktas minimum wage from January 1, 2019 to June 2019.

41. Although Aktas worked over forty hours per week during this time frame, Defendants failed to pay Aktas at the required overtime rate.

42. From June 20, 2019 to through August 2019, Aktas worked as a cook, seven days per week, 15 hours per day (from 8am to 11pm) – 105 hours per week.

43. From September 2019 to November 13, 2019, Aktas worked six days per week, 15 hours per day (from 8am to 11pm) – 90 hours per week.

44. Aktas was only paid $700.00 per week during this time.

45. Although Aktas worked over forty hours per week, Defendants never paid him overtime.

46. Aktas would complain to Mamac and Taylan about not being paid properly.

47. On or about November 13, 2019, Defendants terminated Aktas.

48. Aktas was terminated in retaliation for complaining about being owed wages and not being paid properly.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

49. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein

50. Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed the Plaintiff.

51. Defendants were required to pay the Plaintiff the applicable federal minimum wage rate.

52. Defendants failed to pay the Plaintiff the minimum wage to which he was entitled under the FLSA.

53. Considering Defendants willful conduct, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

54. As a result of Defendants' willful violations of the FLSA, the Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, interest, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

55. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. Defendants were required to pay the Plaintiff one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

57. Defendants failed to pay the Plaintiff the overtime wages to which he was entitled under the FLSA.

58. Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

59. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiffs overtime wages.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), requiring the application of the three year statute of limitations period.

61. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

62. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants caused the Plaintiff to suffer loss of wages and interest thereon.

63. Plaintiff is entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### (NJWL – Unpaid Minimum Wage)

64. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. At all times relevant, Defendants were/are employers and Plaintiff was an employee within the meaning of N.J.S.A. §34:11-56a, et seq., and the supporting New Jersey Department of

7

Labor and Workforce Development Regulations.

66. Defendants have failed to pay the Plaintiff the minimum hourly wage to which he is entitled under the NJWL and the supporting New Jersey Department of Labor and Workforce Development Regulations.

67. By Defendants' knowing or intentional failure to pay Plaintiff the minimum hourly wage, they have willfully violated N.J.S.A. § 34:11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations.

68. Due to Defendants' violations of the NJWL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (NJWL – Unpaid Overtime)

69. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70. The overtime wage provisions of N.J.S.A. § 34: 11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations apply to Defendants and protect the Plaintiff.

71. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the N.J.S.A. § 34:11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations - at a rate of 1.5 times the full minimum wage rate - for all hours worked beyond 40 per workweek.

72. By Defendants' knowing or intentional failure to pay the Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated N.J.S.A. § 34:11-56a4, et seq. and the supporting New Jersey Department of Labor and Workforce Development

Regulations.

73. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week Defendants caused the Plaintiff to suffer loss of wages and interest thereon.

74. Due to Defendants' violations of the NJWL, the Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (FLSA – Retaliation)

75. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to this Act…"

77. During the course of Plaintiff's employment with Defendants, Plaintiff complained about being improperly paid.

78. Plaintiff was retaliated against for complaining, ultimately resulting in Plaintiff's termination.

79. As a result, Plaintiff has been damaged in an amount to be determined at trial, plus interest.

## SIXTH CAUSE OF ACTION
### (NJWHL – Untimely Payments)

80. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

81. NJWHL 34:11-4.2 requires that "every employer shall pay the full amount of wages due

to their employees at least twice during each calendar month, on regular pay days designated in advance by the employer…"

82. Defendants regularly failed to pay Plaintiff, in accordance with NJWHL 34:11-4.2.

83. As a result, Plaintiff has been damaged in an amount to be determined at trial, plus interest.

## SEVENTH CAUSE OF ACTION
**(Civil Damages for Fraudulent Filing of Information Returns under 26 U.S.C. § 7434(a))**

84. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85. By failing to provide with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

86. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

A. Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to N.J.S.A. § 34:11-56a, et seq., and the supporting New Jersey Department of Labor and Workforce Development Regulations;

C. Lost wages and statutory damages for Defendants' retaliatory actions against Plaintiff;

D. Civil damages of $5,000 per Plaintiff for the fraudulent filing of information returns, pursuant to 26 U.S.C. §7434.

E. An award of liquidated damages;

F. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

G. An award of prejudgment and post-judgment interest;

H. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: June 18, 2020
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*

_____

Robert D. Salaman
Zafer A. Akin
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com
zafer@akinlaws.com

*Counsel for Plaintiff*