NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OZCAN AKTAS, | Civil Action No. 20-7409-MCA-AME |
| Plaintiff, | OPINION & ORDER |
| v. | |
| FIG AND LILY GARDEN, et al., | |
| Defendants. | |

**ANDRÉ M. ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by pro se defendants Ugur Mamac ("Mamac") and Ramazan Taylan ("Taylan") (collectively the "Individual Defendants") to vacate the Clerk's default entered against them and the default entered against defendant Mint Enterprise LLC d/b/a Fig and Lily Garden ("Mint") [ECF No. 42]. Plaintiff Ozcan Aktas ("Plaintiff") opposes the motion. The Court has considered the motion, the record, and the governing law, and pursuant to Federal Rule of Civil Procedure 78, decides the motion without oral argument. For the following reasons, the motion to vacate default is granted as to Mamac and Taylan. Insofar as the motion is brought by the pro se Individual Defendants on Mint's behalf, the Court cannot entertain it and therefore terminates that portion of the application, without prejudice.

**I.  BACKGROUND**

This is a wage-and-hour case, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* According to the Amended Complaint, Plaintiff was employed at two

1

restaurants, from approximately October 2016 to November 13, 2019, first at Chef's Gyro in Eatontown, New Jersey, and then at Fig and Lily Garden in Morristown, New Jersey. The Amended Complaint identifies the Individual Defendants as owners of both Chef's Gyro and Fig and Lily Garden. Fig and Lily Garden is identified as the name under which defendant Mint operates. Plaintiff alleges he regularly worked in excess of 40 hours per week at both restaurants but did not receive full and proper compensation for his work. In particular, he avers Defendants failed to pay him applicable federal and state minimum wages as well as overtime wages. Plaintiff further alleges he was terminated from employment in retaliation for complaining about the inadequate and unpaid wages.

Plaintiff filed this suit on June 18, 2020, asserting various claims under both the FLSA and the New Jersey Wage and Hour Law, N.J.S.A 34:11-56a, *et seq*. The original Complaint named three defendants: Mamac, Taylan, and "Fig and Lily Garden." Default was entered against all defendants for failure to respond to the Complaint within the time provided by the Federal Rules, and thereafter vacated only as to Mamac and Taylan. Appearing pro se, each of the Individual Defendants filed an Answer to the Complaint on November 30, 2020. The Individual Defendants indicated to the Court that Fig and Lily Garden is not a legal entity and argued it should therefore be dismissed from the action. Thereafter, having learned in discovery the identity of the legal entity associated with the Fig and Lily Garden restaurant, Plaintiff moved to amend the Complaint to correct the business defendant's name to "Mint Enterprise LLC d/b/a Fig and Lily Garden." With leave of Court, Plaintiff filed the Amended Complaint on May 18, 2021.

The docket indicates the Amended Complaint was personally served on Mint on May 21, 2021, and that personal service of the Amended Complaint was attempted on Mamac and Taylan, by leaving the document with an individual at "2 Cattano Avenue, Morristown, NJ," the address of the Fig and Lily Garden restaurant.[1] None of the Defendants filed an Answer to the Amended Complaint. Thus, on Plaintiff's request, the Clerk of Court entered default against Mamac, Taylan, and Mint on June 23, 2021.

On July 2, 2021, the current motion to vacate default was filed by Mamac and Taylan, pro se, seeking that default against all three Defendants be set aside.

## II. DISCUSSION

A defendant must answer or file an otherwise responsive pleading within 21 days after being served with the complaint. Fed. R. Civ. P. 12(a). Federal Rule of Civil Procedure 55 requires the clerk of court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the action." Fed. R. Civ. P. 55(a). However, the rule also provides that "the court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). Courts must consider three factors when determining whether a request to set aside default is warranted under Rule 55(c): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). The decision to vacate the entry of default is within the discretion of the court, *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.

---

[1] Because Mamac and Taylan had already been served with a summons and Complaint in this case pursuant to Federal Rule of Civil Procedure 4, service of subsequent pleadings and other papers is governed by Rule 5.

1951), but doubts should be resolved in favor of setting aside default and reaching a decision on the merits. *Id.* at 245; *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) ("[W]e reiterate that as a general matter this court does not favor defaults and that in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."). Here, the relevant factors weigh in favor of setting aside the default entered against Mamac and Taylor.

First, the Court finds no prejudice to Plaintiff if the default entered against Mamac and Taylan is set aside. Prejudice may be shown if, in the time elapsed from entry of default, the non-defaulting party's ability to pursue his claim has been hindered. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support finding of prejudice. *Id.* In opposition to the motion, Plaintiff does not indicate there is lost evidence or that he substantially relied on the default such that the pursuit of his claims has now been hindered. Rather, concerning Mamac and Taylan, Plaintiff merely states that the motion should be denied because they have not provided a reasonable excuse for failing to file an Answer within the time permitted. Plaintiff has not demonstrated he would be prejudiced if default is set aside.

Second, the Court is persuaded that, for purposes of setting aside default under Rule 55(c), Mamac and Taylan state a plausibly meritorious defense. Whether a defendant asserts a meritorious defense is a threshold question in determining whether good cause exists to set aside default because, as the Third Circuit has observed, "there would be no point in setting aside the default . . . if [the defendant] could not demonstrate the possibility of winning." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. However, Rule 55 does not require a defaulting party to prove

4

that it will win at trial but merely to show that it has a defense with prima facie merit. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). In other words, the Court is not required to resolve legal issues but rather may set aside default if the defense is facially meritorious. *See id*. A party shows it has a facially meritorious defense where the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer,* 189 F.2d at 244; *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195. Here, Mamac and Taylan have asserted they are not liable for the alleged violations of federal and state wage-and-hour laws because, among other reasons, Plaintiff provided services to their business as an independent contractor, not an employee. Without expressing a view on the strength of this defense or the ultimate outcome of the litigation, the Court finds that Mamac and Taylan have stated a sufficiently plausible prima facie defense to Plaintiff's claims.

Third, there is no indication the default entered against Mamac and Taylan resulted from their culpable conduct. In considering whether a defendant's culpable conduct led to the default, a court must evaluate the culpability as "more than mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." *Id.* In this case, according to the Individual Defendants' account, the failure to respond to the Amended Complaint results not from reckless disregard for their obligations in this lawsuit but from a delayed receipt of materials, which they attribute to an incorrect address of record. With their motion to vacate default, Mamac and Taylan have provided an updated mailing address for both the Court's

records and for Plaintiff to direct communications and other notices.[2] They have also requested that the Court provide them additional time to answer, move, or otherwise reply to the Amended Complaint if the default is vacated, strongly indicating they stand ready to participate in this litigation and defend against Plaintiff's claims. On the facts presented, the Court cannot conclude that Mamac and Taylan have engaged in culpable, bad faith conduct such that they should be prevented from defending this action on the merits.

The Court therefore finds good cause under Rule 55(c) to set aside the Clerk's default entered against Mamac and Taylan. Permitting them to defend against the allegations of the Amended Complaint is consistent with the policy in favoring resolution of a case on its merits. Thus, in its discretion, the Court grants the motion insofar as it pertains to Mamac and Taylan.

As to defendant Mint, however, the analysis is different. The pro se Individual Defendants have attempted to move on Mint's behalf, apparently on the basis that they own or are otherwise affiliated with that business entity. However, it is well-established that a corporate entity or other business association, including a limited liability company, may only appear in federal court through licensed counsel. *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012). The Court, therefore, cannot reach the question of whether default against Mint can be set aside under Rule 55(c), as the current motion has not been filed by legal counsel representing Mint.

---

[2] The Individual Defendants are reminded that this District's Local Civil Rule 10.1 obligates them to maintain a current address on record with the Court. Indeed, the rule warns: "Failure to file a notice of address change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a). Additionally, Local Civil Rule 5.2 provides that non-incarcerated pro se litigants may request to receive filed documents electronically upon completion of a "Consent & Registration Form to Receive Documents Electronically," a form available on the Court's website.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds, in its discretion, that there is good cause to set aside the entry of default as to the Individual Defendants. As to Mint, however, the question of whether default may be vacated is not properly before this Court because, as a limited liability company, Mint may only appear through licensed counsel. The Court will therefore terminate the motion without prejudice insofar as it pertains to Mint, permitting it to be re-filed by a licensed attorney. Accordingly,

**IT IS** on this 17th day of August 2021,

**ORDERED** that defendants' motion to vacate default [ECF No. 42] is granted in part and terminated in part; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(c), the Clerk's entry of default against defendants Ugur Mamac and Ramazan Taylan shall be set aside; and it is further

**ORDERED** that Plaintiff shall mail a copy of the Amended Complaint to each of the Individual Defendants, Ugur Mamac and Ramazan Taylan, at their new address of record, as provided in their motion to vacate default; and it is further

**ORDERED** that defendants Ugur Mamac and Ramazan Taylan shall each answer, move or otherwise respond to the Amended Complaint on or before September 16, 2021, or else be subject to reinstatement of default without further notice; and it is further

**ORDERED** that as to defendant Mint Enterprise LLC, the motion to vacate default is terminated without prejudice; and it is further

**ORDERED** that the Clerk shall update the address of record for defendants Ugur Mamac and Ramazan Taylan as set forth in their submission at ECF No. 42; and it is further

**ORDERED** that the telephonic status conference previously scheduled for August 31, 2021, is adjourned to **September 17, 2021 at 10:00 a.m.**, using the Court's teleconference line 866-434-5269, access code 1874589#; and it is further

**ORDERED** that at least three days before the next conference, the parties shall file a joint status letter, not to exceed 5 pages double-spaced.

                                               /s/ *André M Espinosa*
                                               ANDRÉ M. ESPINOSA
                                               United States Magistrate Judge