NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OZCAN AKTAS, | Civil Action No. 20-7409-MCA-AME |
| Plaintiff, | OPINION and ORDER |
| v. | |
| MINT ENTERPRISE LLC d/b/a Fig & Lily Garden, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the plaintiff's motion for entry of default judgment and for monetary sanctions against the defendants and their counsel, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) [ECF 59]. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the Court orders the defendants to pay plaintiff's attorneys' fees and costs associated with this motion, pursuant to Federal Rule of Civil Procedure 37(b). It also compels production of certain outstanding document requests and precludes the defendants from using those documents, in the event they are not produced as directed. The request for entry of default judgment is denied without prejudice.

**I.   BACKGROUND**

Plaintiff Ozcan Aktas ("Plaintiff") filed this action on June 18, 2020, against his former employers, Defendants Mint Enterprise LLC d/b/a Fig and Lily Garden, Ugur Mamac, and Ramazan Taylan (collectively, "Defendants"). In the operative Amended Complaint, Plaintiff

alleges, in relevant part, that he was denied payment of minimum wage and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("NJWL"), N.J.S.A. 34:11-56a, *et seq.* This motion concerns Defendants' repeated failures to appear for court conferences and their failure to provide timely and complete responses to Plaintiff's written discovery requests.[1]

On January 12, 2021, the Court convened an initial conference in this action, pursuant to Federal Rule of Civil Procedure 16. The Pretrial Scheduling Order entered following that conference required interrogatories and requests for production to be served on or before February 12, 2021, and responded to within thirty days of service, consistent with Federal Rules of Civil Procedure 33 and 34. (*See* ECF 21.) Accordingly, on January 15, 2021, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents and Things. (Mot., Ex. D.) Individual defendants Mamac and Taylan, then appearing *pro se*, provided responses to the interrogatories, albeit unsigned, on February 25, 2021, but they did not produce any documents. (*Id.* at 2; ECF 28.) At that time, the corporate defendant, then identified as "Fig and Lily Garden" was in default, though default was later vacated, by consent. Attorney Christopher T. Karounos entered an appearance on behalf of all three Defendants on November 2, 2021. (*See* ECF 48.)

After entry of the initial Pretrial Scheduling Order, the deadline for completing fact discovery was extended numerous times by the Court. (*See* Orders at ECF 33, 47, 50, 52.) According to the parties' joint status letter of April 13, 2022, Defendants' responses to Plaintiff's written discovery requests nevertheless remained outstanding as of that date, and the parties therefore requested another extension, to complete document production and then proceed to

---

[1] Consequently, the Court will not set forth an exhaustive background of this case but will instead focus on the facts pertinent to Defendants' conduct with respect to their discovery obligations.

depositions. Although Defendants failed to appear for the April 18, 2022 conference, during which the discovery schedule would be reviewed and discussed, the Court granted the joint request for additional time, by Amended Scheduling Order entered on April 21, 2022 (the "April 2022 Order"). (*See* ECF 55.) The April 2022 Order extended the fact discovery deadline, for a fifth time, to June 24, 2022, and expressly directed that "Defendants shall respond to all outstanding written discovery requests and shall produce the documents and records sought therein no later than May 12, 2022." (*Id.*) It also set the next status conference for June 24, 2022. (*Id.*)

However, Defendants did not comply with the April 2022 Order. According to Plaintiff's status letter of June 21, 2022, Defendants not only failed to provide any outstanding discovery by the extended deadline but also failed to respond to Plaintiff's emails, sent in a good faith effort to obtain the discovery. (*See* ECF 56.) Plaintiff emphasized that the discovery he sought had been overdue for over a year and that Defendants' failure to produce had delayed his ability to conduct depositions and complete fact discovery. (*Id.*) Defendants did not dispute Plaintiff's report to the Court. Moreover, Defendant's counsel once again failed to appear for a status conference, as scheduled for June 24, 2022.

Defendants filed a letter on June 27, 2022, addressing their various failures. (*See* ECF 57.) As to counsel's non-appearance at two consecutive telephonic status conferences, Mr. Karounos noted he was "out of state" on April 18, 2022, and explained his failure to appear on June 24, 2022 was "unintentional." (*Id.*) As to discovery, Mr. Karounos stated he had failed to respond to correspondence sent by Plaintiff's counsel, Robert D. Salaman, on May 12, 2022, because it was "improperly filtered to [his] 'Span' folder" and further stated he had been unable to meet and confer with his clients to address outstanding discovery requests "due to [counsel's]

3

personal issues, and through no fault of [his] clients." (*Id.*) Counsel represented in his June 27 letter that he "will be following up today with Mr. Salaman regarding outstanding discovery needed by all parties." (*Id.*)

Upon consideration of that letter, the Court entered an order on June 30, 2022 (the "June 2022 Order"). (*See* ECF 58). Among other things, the June 2022 Order advised Defendants that the Court found their noncompliance with obligations inexcusable. (*Id.*) Yet, the Court provided one further opportunity to cure their deficiencies, warning that sanctions would be imposed if Defendants continued to disregard the Court's orders. It stated:

> Nevertheless, in the interests of justice and in pursuit of a merits resolution of the claims in this matter, the Court will afford Defendants a *final* opportunity to cure their persistent failure to provide discovery and abide by Court orders, after which Plaintiff will have leave to move for sanctions under Federal Rules of Civil Procedure 16(f) and 37(b), including striking Defendants' Answer and entry of default against them. Defendants are further advised that a third failure by counsel to appear at a Court-ordered conference may result in a *sua sponte* order by the Court concerning imposition of sanctions against Defendants.

(*Id.*) (emphasis in original). The June 2022 Order directed Defendants to respond to all outstanding written discovery requests by July 15, 2022 and gave Plaintiff leave to file a motion for sanctions "should Defendants fail to respond in full . . . and/or fail to appear for noticed depositions." (*Id.*) It also extended the fact discovery deadline yet again, to August 30, 2022, and scheduled a status conference for that same date. (*Id.*)

Having received no response to his long-overdue discovery requests by the July 15, 2022 deadline imposed by the Court, Plaintiff filed this motion for sanctions on July 29, 2022. (*See* ECF 59.) Although opposition to the motion would have been due on August 22, 2022, none was filed by that date. Instead, Defendants waited until Plaintiff sent a status letter, as required in advance of the August 30, 2022 status conference, to address the motion's assertions of

4

noncompliance and its related request for sanctions against Defendants. In the August 24, 2022 status letter, Plaintiff informed the Court that on August 15, 2022, he received responses to the Interrogatories and Request for Production he served on January 15, 2021, but also reported the responses were deficient as "they failed to provide any time or pay records for Plaintiff." (ECF 61 at 2.) Defendants, in their August 29, 2022 response letter, called these representations "unintentionally inaccurate," stating that while it was not disputed that Plaintiff's counsel did not receive responses until August 15, 2022, the responses were "absolutely transmitted via regular mail on July 19, 2022 . . . [and] scans were resent on August 15, 2022." (ECF 62.) As to why the strict July 15, 2022 deadline was not honored, Defendants' counsel stated he required emergency medical care on that date for an acute condition, rendering him unable to comply until a few days after the deadline. (*Id.*) Although he concluded his August 29, 2022 letter by offering to provide additional information at the August 30, 2022 status conference, Mr. Karounos failed to appear, for the third consecutive time.

II.  DISCUSSION

    A.    **Sanctions**

Federal Rules of Civil Procedure 16 and 37 each authorize the Court to impose sanctions for litigation misconduct. *See Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010) ("Rules 16 and 37 ... authorize a court to sanction a party that fails to comply with a court order."). Summarizing the disciplinary scheme under the Rules, this District has noted: "Rule 16(f) allows for court-ordered sanctions if a party fails to follow pretrial orders whereas Rule 37(b)(2) allows the Court to issue sanctions where a party fails to provide discovery and follow judicial orders requiring the same." *IMFK Realty II, LLC v. Atl. Prop. Dev. LLC*, 20-6989, 2022 WL 4132449, at *1 (D.N.J. Sep. 12, 2022) (citing Fed. R. Civ. P. 16(f),

37(b)(2)). In relevant part, Rule 16(f) provides that the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference ... or ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2) authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Under both Rules, sanctions at the Court's disposal include, but are not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions); Fed. R. Civ. P. 16(f) (incorporating by reference the list set forth in Rule 37(b)). Although a court has "broad discretion" in determining the "type and degree of sanctions it can impose," the sanctions "must be just and related to the claims at issue." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006).

"Rule 37 sanctions are available to the district court 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). The Rule states that, where a party has disobeyed discovery orders, instead of or in addition to the sanctions enumerated in section (b)(2)(A), "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Similarly, if a party's failure to provide discovery has necessitated a motion to compel and either the motion is granted or the discovery at issue is provided after the motion is filed, a court "must" order the non-compliant party and/or its attorney to pay the fees

6

and expenses incurred by the movant in making the motion, with certain exceptions. Fed. R. Civ. P. 37(a)(5)(A).

When Plaintiff filed this motion, on July 29, 2022, he sought sanctions for various infractions: Defendants' failure to provide discovery, namely, verified interrogatory responses and documents in response to the January 2021 notice to produce; Defendants' failure to obey Court orders compelling them to provide the overdue discovery; and Defendants' failure to appear, through counsel, at three consecutive court-ordered conferences. Given the nature, degree, and persistence of Defendants' failure to abide by Court orders, Plaintiff requested that the Court enter default judgment against Defendants. In the alternative, he applied for the imposition of monetary sanctions against Defendants and their counsel. Since that time, Defendants filed a letter asserting they mailed the discovery on July 19, 2022, explaining it was late due to counsel's medical emergency, and further asserting the discovery was re-sent on August 15, 2022. While Plaintiff has no record of receiving the discovery responses prior to filing this motion, he does not dispute that he has received discovery responses, albeit with certain deficiencies.

To be sure, entry of default judgment is a harsh sanction but also one that is authorized under both Rules 16 and 37, particularly for the kind of persistent flouting of Court orders displayed by Defendants. *IMFK*, 2022 WL 4132449, at *1 and n.4. Defendants argue default judgment is not warranted, maintaining they have substantially complied with their discovery obligations and pointing to counsel's personal issues to justify their failure to appear for conferences. However, the late production of discovery responses does not erase Defendants' history of noncompliance with the Court's orders and the discovery process, which occurred both before and after their counsel's appearance in this case. Moreover, while the Court acknowledges

that emergencies do occur, counsel's claim of repeated impediments offers a weak justification, particularly given the lack of communication from Mr. Karounos and/or his office to advise either Plaintiff's counsel or the Court that his personal issues prevented him from fulfilling Defendants' litigation obligations in compliance with Court orders.

Nevertheless, the Court takes counsel's belated effort to comply with discovery obligations into consideration when determining the appropriate sanction to impose upon Defendants and/or their counsel. Defendants ultimately did produce discovery responses, which Mr. Karounos asserts were sent four days after the July 15, 2022 deadline solely due to his own medical emergency. Plaintiff's counsel, Mr. Salaman, states he did not receive Defendants' July 19, 2022 mailing containing discovery responses, but he does acknowledge receipt of responses by email on or about August 15.

The events leading to this motion highlight the tension between the more draconian consequences Plaintiff argues are appropriate, i.e., holding Defendants in default and entering default judgment against them, and the avoidance of any sanctions at all, as urged by Defendants. Seen in the best possible light, the history of this litigation shows that Defendants and their counsel have been grossly negligent with regard to their discovery obligations and inattentive to deadlines. At the same time, the record equally supports the view that their conduct has displayed a blatant disregard for the Court's orders, delaying litigation and prejudicing Plaintiff's ability to establish his claims of unpaid compensation under the FLSA and the NJWHL. At this juncture, and in light of counsel's explanation for his late transmittal of discovery, the Court chooses the more benign interpretation of events. Thus, it refrains at this time from imposing a sanction that will deprive Defendants of their right to defend against a claim.

Having so concluded, however, the Court also finds that Defendants' dilatory conduct with regard to discovery and failure to abide by numerous court orders requiring production cannot escape sanctions altogether. Indeed, their misconduct warrants monetary sanctions consisting of fees and costs incurred by Plaintiff in connection with pursuing the overdue discovery and bringing this motion. *See* Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to abide by discovery orders], unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Defendants and their counsel have substantially delayed the progress of this litigation by providing discovery responses approximately eighteen months after they were due under the Federal Rules. Additionally, they have flouted the Court's orders granting numerous extensions of the deadline to produce written discovery responses. Defendants and their counsel have also caused Plaintiff to spend needless time and effort pursuing the overdue discovery responses, a topic that repeatedly arose in correspondence to the Court and in status conferences. This conduct resulted in the June 2022 Order, in which the Court set a final deadline and, in the event it was not met, gave Plaintiff leave to file a motion to compel and/or for sanctions. Even so, Defendants' failure to abide by their obligations persisted. The Court acknowledges Mr. Karounos's representation that he mailed out Defendants' discovery responses four days after the July 15, 2022 deadline. Yet, knowing that a failure to abide by that firm deadline would likely result in a motion to compel, as authorized by the June 2022 Order, he either did not bother or did not think to communicate with Plaintiff's counsel to explain his purportedly exigent circumstances and ask him to forbear from proceeding with the motion. Such communication would not only have been appropriate but would have also alerted Plaintiff to the fact that

9

discovery responses were forthcoming and saved him the time and expenses associated with filing this motion. As such, the Court is not persuaded, as Defendants' August 29, 2022 letter maintains, that the belated production was substantially justified. *Trowery v. O'Shea*, No. 12-6473, 2015 WL 9587608, at *5 (D.N.J. Dec. 30, 2015) ("Substantial justification has been defined as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'") (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002)).

Accordingly, the Court concludes that an appropriate sanction against Defendants and their counsel, pursuant to Rule 37(b)(2)(C), consists of an award of reasonable attorneys' fees and costs incurred by Plaintiff as a result of Defendants' failure to abide by the April 2022 and June 2022 Orders. *See Hioutakos v. SimplexGrinnell LP,* No. 10-4505, 2014 WL 1255197, at *2 (D.N.J. Mar. 26, 2014) ("Where one party has violated a court order and delayed proceedings, awarding the excess costs caused by that conduct to the innocent party may restore the balance of equity between the parties."). These sanctions will include the attorney's time and expenses associated with preparing and filing this motion and any other efforts made to obtain overdue discovery responses from Defendants following the deadline set by the April 2022 Order, which clearly required written discovery to be produced no later than May 12, 2022. Additionally, in light of Plaintiff's representation that the responses and documents produced on or about August 15, 2022, were deficient in one critical area concerning payroll records, which will be discussed in the next section of this Opinion, the award shall also include any fees and costs incurred, to date, in connection with Plaintiff's efforts to obtain that missing information.

### B. Outstanding Discovery

Turning, then, to the current state of discovery, the Court directed the parties to submit letters following the filing of this motion, particularly in light of Defendants' August 29, 2022 letter essentially arguing that, to the extent Plaintiff sought to compel Defendants' payroll records, the motion should be denied as moot. In relevant part, the letter states as follows:

> Though Defendants' discovery responses speaks for itself, Plaintiff's counsel requested additional confirmation that there were no payroll records in his client's name. Without arguing the facts are merits of the case and correspondence, and though Plaintiff himself is well aware of the response to that inquiry, Defendants again confirm that there are no additional payroll records or information regarding Plaintiff to provide to Plaintiff's counsel and no specific payroll records for Plaintiff himself.

(ECF 62 at 1-2.) In response, Plaintiff reiterates that the discovery responses are insufficient because, under both the FLSA and the NJWHL, an employer has a recordkeeping obligation with respect to its employees' time and pay records. He notes that, rather than produce the required records, "Defendants attached construction permits and workers' compensation documents to their responses." (ECF 63 at 1.) Thus, Plaintiff argues Defendants should be compelled to produce Plaintiffs' time and pay records, or, in the alternative, each provide an affidavit confirming that no such records exist.

An employee who sues for unpaid wages and/or overtime compensation under the FLSA bears the burden of proving he performed work for which he was not properly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a). The Supreme Court has held that, given the remedial nature of the FLSA, this burden should not be insurmountable, noting "due regard must be given to the fact it is the employer" that has a recordkeeping obligation. *Id.* at 687. Indeed, the FLSA requires an employer to "make, keep, and preserve" records of its employees and "of the wages, hours,

11

and other conditions and practices of employment maintained" by the employer. 29 U.S.C. § 211(c). Under applicable federal regulations, such records must contain the employee's name, the workweeks for which salary or wages are paid, hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. § 516.2(a) (1–12). The NJWHL contains a parallel recordkeeping obligation. N.J.S.A. § 34:11-56a20; N.J.A.C. § 12:56-4.1. The Supreme Court has observed: "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records." *Mt. Clemens*, 328 U.S. at 687.

However, an employer's failure to keep time records as required by the statute has repercussions for the burden of proof to be borne by the FLSA plaintiff. *Id.* The Supreme Court held in *Mt. Clemens* that, where an employer has kept inaccurate or inadequate records, the plaintiff may prove his claim and establish damages as follows:

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687-88; *see also Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020) (applying the *Mt. Clemens* standard for establishing employee wage claims where an employer has kept inadequate records, in the context of reviewing class certification requirements under Rule 23).

In light of Defendants' recordkeeping duties under the FLSA and the NJWHL and their related obligation to come forward with the records required by Plaintiff to establish his claims, the Court finds that Defendants must be compelled to produce any and all time and wage records pertaining to Plaintiff's employment, without further delay. Such information is indisputably

relevant to the claims and clearly proportional to the needs of this case under Rule 26(b). However, in the event such records cannot be located by Defendants or are otherwise not produced by the deadline set forth herein, the Court will not order Defendants to provide affidavits as to their non-existence, particularly in light of counsel's representation, in his August 29, 2022 letter, that all available records have been provided and no additional documentation exists. Rather, pursuant to Federal Rule of Civil Procedure 26(g), the Court will deem counsel's signature on the disclosures and documents produced by Defendants to certify that the information provided is complete and correct, based upon their reasonable inquiry for the records. Moreover, given a party's obligation to supplement discovery responses it later learns are incomplete or incorrect, and the Court's directive that any previously undisclosed time records be produced at this time, *see* Fed. R. Civ. P. 26(e), Defendants will be barred from using at trial or otherwise in this matter any time and/or wage records not produced, as directed herein. *See* Fed. R. Civ P. 37(c)(1) ("If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... unless the failure was substantially justified or is harmless."). Plaintiff, in turn, shall accordingly be free to argue, on an appropriate motion, that he is entitled prove his FLSA claims against Defendants under the relaxed standard articulated in *Mt. Clemens*.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds Plaintiff's motion for monetary sanctions against Defendants and their attorney for their discovery-related misconduct is warranted under Rule 37. It further concludes that, pursuant to Rule 26(b), Defendants are compelled to respond to any outstanding request by Plaintiff for payroll records, or else be precluded from relying on such records, pursuant to Rule 37(c)(1).

Accordingly, **IT IS** on this 20th day of October 2022,

**ORDERED** that Plaintiff's motion for sanctions [ECF 59] is granted in part and denied in part; and it is further

**ORDERED** that, insofar as Plaintiff's motion seeks sanctions against Defendants and their counsel consisting of attorneys' fees and expenses, it is granted pursuant to Federal Rules of Civil Procedure 37(b)(2)(C); and it is further

**ORDERED** that, on or before November 4, 2022, Plaintiff shall file an application and proposed order for the award of reasonable fees and costs consisting of the amounts identified in the foregoing Opinion. The application shall include an attorney declaration setting forth the fees and costs to which he is entitled, calculating the total award, and attaching supporting documentation, including appropriately redacted time sheets; and it is further

**ORDERED** that, on or before November 18, 2022 Defendants may submit a response, if any, concerning the reasonableness of the amount sought, without rearguing any of the matters presented to the Court on this motion; and it is further

**ORDERED** that, no later than November 4, 2022, Defendants shall produce any and all time and/or wage records related to Plaintiff's employment and his claims in this action and, pursuant to Rule 37(c)(1), shall thereafter be precluded from relying on or otherwise using any such record not produced by the foregoing deadline; and it is further

**ORDERED** that, insofar as Plaintiff's motion seeks sanctions consisting of the entry of default judgment, the motion is denied without prejudice. However, Defendants and their counsel are hereby advised that any further noncompliance with Court orders, including a failure to provide discovery, abide by deadlines, and/or appear for conferences, will result in entry of Order To Show Cause why sanctions, including striking of Defendants' Answer and entry of

default judgment, should not be imposed, upon consideration of the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); and it is further

      **ORDERED** that Defendants' counsel shall provide a copy of this Opinion and Order to Defendants, by email and regular mail, within five days of the date of this Order.

                                       /s/ *André M. Espinosa*
                                       ANDRÉ M. ESPINOSA
                                       United States Magistrate Judge