NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| OZCAN AKTAS, | : | **Civil Action No. 20-7409-MCA-AME** |
| Plaintiff, | : | **OPINION and ORDER** |
| v. | : | |
| MINT ENTERPRISE LLC d/b/a Fig & Lily Garden, et al., | : | |
| Defendants. | : | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on Plaintiff's application for an award of fees and costs [ECF 66], submitted pursuant to the Opinion and Order of October 20, 2022 (the "October 20 Order") [ECF 65]. Defendants have filed no response to the application or otherwise objected to the reimbursement amount sought by Plaintiff. The Court has reviewed Plaintiff's submission and, for the following reasons, awards Plaintiff $7,020, pursuant to Federal Rule of Civil Procedure 37.

**I.    THE FEE APPLICATION**

The October 20 Order granted Plaintiff's motion for sanctions against Defendants and their now-former counsel, Christopher Karounos,[1] finding Plaintiff entitled to an award of

---

[1] On November 10, 2022, Defendants filed a substitution of counsel, terminating Mr. Karounos's appearance on their behalf and replacing him with Craig Saunders, of the firm Munzer & Saunders, as counsel of record [ECF 70]. However, Mr. Karounos entered an appearance on Defendants' behalf on November 2, 2021 [ECF 48] and remained Defendants' counsel during all time times relevant to the sanctions motion and this fee application. Thus, all references in this Opinion and Order to "Defendants' counsel" pertain to Mr. Karounos. Although he no longer represents Defendants, Mr. Karounos remains subject to this Court's inherent authority to regulate the conduct of attorneys who appear before it, *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561 (3d Cir. 1985), and to the imposition of sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(C).

1

reasonable attorneys' fees and costs incurred due to Defendants' failure to provide discovery, as required by the orders entered April 21, 2022 and June 30, 2022. The October 20 Order stated the award would include time and expenses associated with preparing and filing the Rule 37 motion for sanctions, filed by Plaintiff on July 29, 2022, as a result of Defendants' persistent failure to comply with their discovery obligations and the Court's orders. It also stated the award would reimburse Plaintiff for "any other efforts made to obtain overdue discovery responses from Defendants following the deadline set by the April 2022 Order" and for any fees and costs Plaintiff incurred in pursuing the payroll records Defendants were required to produce as not only relevant but essential to Plaintiff's federal and state wage and hour claims. *See* October 20 Order at 10. The October 20 Order directed Plaintiff to submit an application setting forth the time spent on these compensable activities, supported by detailed documentation.

Plaintiff accordingly filed this fee petition, supported by the October 20, 2022 declaration of his attorney Robert D. Salaman, of the firm Akin Law Group PLLC (the "Salaman Declaration"). The Salaman Declaration states that Plaintiff seeks a total of $20,160.00 in attorneys' fees, representing 44.5 hours Mr. Salaman asserts he spent on compensable activities multiplied by his hourly rate of $450. In support of this application, the Salaman Declaration attaches a time record detailing the dates, hours, and nature of work performed.

## II.    ANALYSIS

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of its request. *Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To do so, it must provide evidence "supporting the hours worked and rates claimed." *Id.* (quotations omitted). The opposing party then has the burden of challenging the

reasonableness of the requested fee, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

To determine the amount of a reasonable fee award, the Court must begin by calculating the lodestar, which is the "'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The lodestar is strongly presumed to yield a reasonable fee." *Washington v. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). However, the Court has the discretion to make certain adjustments to the lodestar. *Rode*, 892 F.2d at 1183. A court analyzing a fee application must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. Of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley*, 461 U.S. at 433-34).

Here, the Court has carefully reviewed the time sheet attached to the Salaman Declaration as Exhibit A, to determine whether the work performed falls within the purview of compensable activities, as defined by the October 20 Order, and if so, to consider whether the time spent on those tasks is reasonable. The compensable activities listed on the time sheet are those directly related to Defendants' overdue discovery and failure to abide by Court orders. The Court has grouped these entries into four categories:

1. Communications with Defendants' Counsel

The time spent by Mr. Salaman calling and emailing Defendants' counsel regarding the outstanding discovery requests will be included in the fee award, for a total of 2.6 hours spent on this activity.

2. Motion for Discovery Sanctions

Mr. Salaman's work on the motion for discovery-related sanctions is compensable, but the Court finds that the 14.5 hours logged on the time sheet to prepare the sanctions motion and additional 6 hours to prepare the fee application must be reduced. The Court finds that 10 hours total is a reasonable amount of time for attorney work on the motion and related fee application.

3. Appearance at Discovery Conferences

The fee award requested by Plaintiff includes 2 hours of Mr. Salaman's time appearing at two discovery conferences at which Defendants' counsel failed to appear. While counsel's failure to appear undoubtedly contributed to the delay of discovery, these telephonic conferences did not last a full two hours, particularly as the Court was forced to terminate the calls prematurely due to counsel's absence. Thus, the Court finds that .5 hours is a reasonable amount of time to reimburse Plaintiff for the time spent by Mr. Salaman dialing in and waiting for Defendants' counsel to appear at the conferences.

4. Drafting Status Letters

Lastly, this fee application includes 9 hours logged by Mr. Salaman for drafting status letters to the Court, reporting on the progress of discovery and persisting deficiencies in Defendants' production, particularly with regard to the payroll records demanded by Plaintiff in connection with his claims under the Fair Labor Standards Act and New Jersey's wage and hour laws. Certainly, Defendants' noncompliance with discovery obligations complicated the reports, requiring Plaintiff's counsel to identify the outstanding discovery and detail his efforts to obtain the material. Though the status letters were more labor-intensive than they would have been without the issues caused by Defendants' failure to comply with discovery obligations, the Court

finds that 2.5 hours is a reasonable amount of time for preparing the three letters submitted in the relevant time period.

Other categories of attorney time, while generally related to discovery, will not be included in the lodestar calculation because they consist of tasks Plaintiff's counsel would have to undertake regardless of Defendants' noncompliance with discovery orders. These entries pertain to review of court orders, Mr. Salaman's meetings and communications with his client, and review of document production. While the Court appreciates that the latter task is essential to identifying deficiencies in Defendants' production, the examination of documents and other discovery provided by another party is an activity in which an attorney must engage as part of the ordinary course of litigation.

Accordingly, the Court finds that a total of 15.6 hours is a reasonable amount of time devoted to the compensable activities identified in the October 20 Order and will include these hours in its lodestar calculation.

With regard to the billing rate to use in the lodestar calculation, as noted, Defendants have not objected to Mr. Salaman's hourly rate of $450. The Court has nevertheless conducted its own review to ascertain whether the rates are reasonable "according to the prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The Court is satisfied that, given Mr. Salaman's position as a partner in a New York City-based law firm, together with his experience and expertise in employment litigation, as set forth in the Salaman Declaration, his hourly billing rate is reasonable when measured against prevailing rates in the legal market for the New York metropolitan area.

Based on the foregoing, the Court calculates a final lodestar of $7,020, comprised of the 15.6 hours multiplied by an hourly rate of $450.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court awards Plaintiff $7,020 as a discovery sanction against Defendants and their former counsel Mr. Karounos, in accordance with the Court's October 20 Order. Regarding apportionment of this award, it appears from the record that the sanctionable misconduct—failure to comply with discovery obligations, abide by court orders, and appear at conferences—is in part attributable to Defendants and in part attributable to Mr. Karounos. Accordingly, the Court finds that the amount awarded herein to Plaintiff shall be borne in equal shares, with Defendants responsible, jointly and severally, for 50% of the award and Mr. Karounos responsible, individually, for 50% of the award. Therefore,

**IT IS** on this 5th day of May 2023,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Defendants and their prior counsel Christopher Karounos are sanctioned in the amount of $7,020. Half of sanction award, or $3,510, shall be borne by Defendants, jointly and severally, and half of the sanction award, or $3,510, shall be borne by Mr. Karounos, individually; and it is further

**ORDERED** that Defendants, through their current counsel of record, shall remit their portion of the sanctions award to Plaintiff's counsel no later than June 30, 2023; and it is further

**ORDERED** that Mr. Karounos shall remit his portion of the sanctions award to Plaintiff's counsel no later than June 30, 2023; and it is further

**ORDERED** that a copy of this Order shall be served by Plaintiff on all parties and on Mr. Karonous, by email and regular mail, within five days of its entry.

    /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA
    United States Magistrate Judge